**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*Electronically Filed*

| | | |
|---|---|---|
| iKeyless, LLC | ) | |
| 12101 Sycamore Station Place | ) | |
| Louisville, KY 40299 | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.: 1:25-cv-11062 |
| vs. | ) | Judge _____ |
| | ) | Magistrate Judge _____ |
| PMK Technology LLC | ) | |
| 4124 RFD | ) | |
| Long Grove, IL 60047 | ) | |
| | ) | |
| SERVE: David Mundt, Registered Agent | ) | |
| 4124 3 Lakes Drive | ) | |
| Long Grove, IL 60047 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| Smart Box Technology, LLC | ) | |
| d/b/a Pair My Key | ) | |
| 4124 Three Lakes Drive | ) | |
| Long Grove, IL 60047 | ) | |
| | ) | |
| SERVE: David Mundt, Registered Agent | ) | |
| 4124 Three Lakes Drive | ) | |
| Long Grove, IL 60047 | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT**

Plaintiff, iKeyless, LLC ("iKeyless"), by and through counsel, brings this action against

Defendants PMK Technology LLC ("PMK") and Smart Box Technology, LLC d/b/a Pair My Key

("Smart Box") (collectively, "Defendants") for infringement of United States Patent Nos.

11,232,661 ("the '661 Patent") and 12,277,818 ("the '818 Patent") and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 271, 281, 283-285.

2.      iKeyless seeks monetary damages and injunctive relief as a result of Defendants' induced infringement and contributory infringement of the '661 and '818 Patents. iKeyless further seeks a finding that Defendants' infringement has been willful and accordingly seeks enhanced damages and a finding that this is an exceptional case entitling iKeyless to its attorneys' fees.

**THE PARTIES**

3.      iKeyless is a limited liability company organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business at 12101 Sycamore Station Place, Louisville, Kentucky 40299. iKeyless is the owner by assignment of all rights, titles, and interests in and to the '661 Patent and '818 Patent.

4.      On information and belief, Defendant PMK is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 4124 RFD, Long Grove, IL 60047. On information and belief, PMK conducts substantial business in this judicial district, including by developing, manufacturing, using, marketing, offering for sale, selling, and/or importing infringing products within the Northern District of Illinois.

5.      On information and belief, Defendant Smart Box is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business at 4124 Three Lakes Drive, Long Grove, Illinois 60047. On information and belief, Smart Box conducts substantial business in this judicial district, including by developing, manufacturing, using, marketing, offering for sale, selling, and/or importing infringing products within the Northern District of Illinois.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

7.     This Court has personal jurisdiction over Defendants because, on information and belief, Defendants are incorporated in the State of Illinois, have committed acts of infringement in this District, and have a regular and established place of business in this District.  Defendants have established minimum contacts with this forum such that the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice.  On information and belief, Defendants, directly or through their agents and distributors, purposefully avail themselves of the privilege of conducting business in Illinois and this District by regularly making, using, selling, offering to sell, and/or importing its infringing products to customers located in this District.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendants are incorporated in the State of Illinois, have committed acts of infringement in this District, and have a regular and established place of business in this District.

9.     Joinder of Defendants in this single action is proper under 35 U.S.C. § 299(b).  The right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, selling, offering for sale, or importing in the United States the same infringing product.  Questions of fact common to all Defendants will arise in this action, including, but not limited to, whether the same infringing product infringes one or more claims of the '661 Patent and '818 Patent.

## THE PATENTS-IN-SUIT

10.     On January 25, 2022, the United States Patent and Trademark Office duly and legally issued the '661 Patent, entitled "Remote Programming System and Method for Replacement Vehicle Keys."  A true and correct copy of the '661 Patent is attached hereto as Exhibit A.

11.      iKeyless is the owner by assignment of all right, title, and interest in and to the '661 Patent, including the right to sue for past, present, and future infringement thereof.

12.      The '661 Patent is valid, enforceable, and was duly issued in full compliance with all requirements of Title 35 of the United States Code.

13.      On April 15, 2025, the United States Patent and Trademark Office duly and legally issued the '818 Patent, entitled "Remote Programming System and Method for Replacement Vehicle Keys."  A true and correct copy of the '818 Patent is attached hereto as Exhibit B.

14.      iKeyless is the owner by assignment of all right, title, and interest in and to the '818 Patent, including the right to sue for past, present, and future infringement thereof.

15.      The '818 Patent is valid, enforceable, and was duly issued in full compliance with all requirements of Title 35 of the United States Code.

## iKEYLESS'S COMMERCIAL EMBODIMENT

16.      iKeyless sells a remote programming device called the "Key Genius" (formerly known as "Universal EZ Installer").

17.      Use of the Key Genius (Universal EZ Installer) and iKeyless's system (including its application) is covered by the '661 and '818 Patents.

18.      iKeyless virtually marks its Key Genius (and marked the Universal EZ Installer) with the '661 and '818 Patents in accordance with 35 U.S.C. § 287.  See the labels below illustrating this marking for both the Key Genius and Universal EZ Installer.

4







## BACKGROUND OF DEFENDANTS' INFRINGEMENT

19. On information and belief, Defendants make, use, sell, offer to sell, and/or import into the United States products that when used as instructed by the Defendants infringe the '661 and '818 Patents, including, but not limited to, their product named the "PMK Programming Device" (the "Accused Product"). The Accused Product when used as instructed by Defendants embodies the patented inventions claimed in the '661 and '818 Patents.

20.     iKeyless is informed and believes that Defendants had knowledge of the '661 and '818 Patents and their infringement thereof at least as early as April 19, 2024 and June 19, 2025, respectively.

21.     On or about April 19, 2024, iKeyless sent an email to Defendants providing notice of the '661 Patent and identifying the Accused Product as potentially infringing one or more claims of the '661 Patent.  A true and correct copy of this email is attached hereto as Exhibit C.

22.     On or about June 19, 2025, iKeyless, through its counsel, sent a letter to Defendants providing notice of the '661 Patent and '818 Patent, and identifying the Accused Product as infringing one or more claims of the '661 Patent and '818 Patent.  The letter included a copy of the '661 Patent and '818 Patent.  A true and correct copy of this letter is attached hereto as Exhibit D.

23.     Upon information and belief, despite having actual knowledge of the '661 Patent and '818 Patent and their infringement, Defendants have continued to engage in infringing activities.

## COUNT I

### (Indirect Infringement of the '661 Patent – Inducement, 35 U.S.C. § 271(b))

24.     iKeyless incorporates by reference the allegations contained in Paragraphs 1-23 as if fully set forth herein.

25.     Defendants have actively induced and continue to actively induce infringement of at least claim 1 of the '661 Patent under 35 U.S.C. § 271(b) by encouraging and instructing its customers and end-users in the United States to use the Accused Product in an infringing manner.

26.     Defendants have taken active steps with the specific intent to cause direct infringement by third parties.  Defendants' advertising materials, user manuals, product specifications, smartphone application, and website content (collectively, "Instructional Materials") instruct and encourage users to operate the Accused Product in a manner that directly

6

infringes one or more claims of the '661 Patent. For example, Defendants' Instructional Materials for the Accused Product explicitly direct users to use the Accused Product in a way that practices each and every element of claim 1 of the '661 Patent.

27.     Upon information and belief, and as set forth in the claim charts, attached hereto as Exhibit E, the Accused Product, when used as instructed by Defendants, practice the inventions claimed by the '661 Patent, and satisfy all elements of at least claim 1 of the '661 Patent. iKeyless incorporates by reference in its allegations herein the claim charts of Exhibit E.

28.     Upon information and belief, Defendants knew or were willfully blind to the fact that their acts would induce infringement by others. Defendants have had actual knowledge of the '661 Patent and their infringement since at least April 19, 2024, but have continued to provide the Accused Product and the Instructional Materials to their customers, knowing that use of the Accused Product in accordance with the Instructional Materials would result in direct infringement of the '661 Patent.

29.     As a direct and proximate result of Defendants' inducement of infringement, iKeyless has been and continues to be damaged in an amount to be proven at trial. iKeyless is entitled to recover damages from Defendants for their inducement of infringement.

## COUNT II

**(Indirect Infringement of the '661 Patent – Contributory Infringement, 35 U.S.C. § 271(c))**

30.     iKeyless incorporates by reference the allegations contained in Paragraphs 1-29 as if fully set forth herein.

31.     Defendants have contributorily infringed and continue to contributorily infringe at least claim 1 of the '661 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States the Accused Product.

32.     The Accused Product constitutes a material part of the invention of the '661 Patent.

33.     Upon information and belief, and as set forth in the claim charts, attached hereto as Exhibit E, the Accused Product, when used as instructed by Defendants, practice the inventions claimed by the '661 Patent, and satisfy all elements of at least claim 1 of the '661 Patent. iKeyless incorporates by reference in its allegations herein the claim charts of Exhibit E.

34.     Upon information and belief, Defendants know the Accused Product to be specially made or especially adapted for use in an infringement of the '661 Patent and have had such knowledge since at least April 19, 2024.

35.     Upon information and belief, the Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use. Any commercially significant use of the Accused Product as intended by Defendants necessarily results in infringement of the '661 Patent.

36.     Direct infringement of the '661 Patent by third parties in the United States, such as Defendants' customers and end-users, has occurred and continues to occur as a direct result of Defendants' actions.

37.     As a direct and proximate result of Defendants' contributory infringement, iKeyless has been and continues to be damaged in an amount to be proven at trial. iKeyless is entitled to recover damages from Defendants for its contributory infringement.

## COUNT III

**(Indirect Infringement of the '818 Patent – Inducement, 35 U.S.C. § 271(b))**

38.     iKeyless incorporates by reference the allegations contained in Paragraphs 1-37 as if fully set forth herein.

39.     Defendants have actively induced and continue to actively induce infringement of at least claim 1 of the '818 Patent under 35 U.S.C. § 271(b) by encouraging and instructing its customers and end-users in the United States to use the Accused Product in an infringing manner.

40.     Defendants have taken active steps with the specific intent to cause direct infringement by third parties.  Defendants' advertising materials, user manuals, product specifications, smartphone application, and website content (collectively, "Instructional Materials") instruct and encourage users to operate the Accused Product in a manner that directly infringes one or more claims of the '818 Patent.  For example, Defendants' Instructional Materials for the Accused Product explicitly direct users to use the Accused Product in a way that practices each and every element of claim 1 of the '818 Patent.

41.     Upon information and belief, and as set forth in the claim charts, attached hereto as Exhibit E, the Accused Product, when used as instructed by Defendants, practice the inventions claimed by the '818 Patent, and satisfy all elements of at least claim 1 of the '818 Patent.  iKeyless incorporates by reference in its allegations herein the claim charts of Exhibit E.

42.     Upon information and belief, Defendants knew or were willfully blind to the fact that their acts would induce infringement by others.  Defendants have had actual knowledge of the '818 Patent and their infringement since at least June 19, 2025, but have continued to provide the Accused Product and the Instructional Materials to their customers, knowing that use of the Accused Product in accordance with the Instructional Materials would result in direct infringement of the '818 Patent.

43.     As a direct and proximate result of Defendants' inducement of infringement, iKeyless has been and continues to be damaged in an amount to be proven at trial.  iKeyless is entitled to recover damages from Defendants for their inducement of infringement.

## COUNT IV

**(Indirect Infringement of the '818 Patent – Contributory Infringement, 35 U.S.C. § 271(c))**

44.     iKeyless incorporates by reference the allegations contained in Paragraphs 1-43 as if fully set forth herein.

45.     Defendants have contributorily infringed and continue to contributorily infringe at least claim 1 of the '818 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States the Accused Product.

46.     The Accused Product constitutes a material part of the invention of the '818 Patent.

47.     Upon information and belief, and as set forth in the claim charts, attached hereto as Exhibit E, the Accused Product, when used as instructed by Defendants, practice the inventions claimed by the '818 Patent, and satisfy all elements of at least claim 1 of the '818 Patent.  iKeyless incorporates by reference in its allegations herein the claim charts of Exhibit E.

48.     Upon information and belief, Defendants know the Accused Product to be specially made or especially adapted for use in an infringement of the '818 Patent and have had such knowledge since at least June 19, 2025.

49.     Upon information and belief, the Accused Product is not a staple article or commodity of commerce suitable for a substantial non-infringing use.  Any commercially significant use of the Accused Product as intended by Defendants necessarily results in infringement of the '818 Patent.

50.     Direct infringement of the '818 Patent by third parties in the United States, such as Defendants' customers and end-users, has occurred and continues to occur as a direct result of Defendants' actions.

51.     As a direct and proximate result of Defendants' contributory infringement, iKeyless has been and continues to be damaged in an amount to be proven at trial.  iKeyless is entitled to recover damages from Defendants for its contributory infringement.

## COUNT V

### (Willful Infringement)

52.     iKeyless incorporates by reference the allegations contained in Paragraphs 1-51 as if fully set forth herein.

53. Defendants' infringement of the '661 Patent and the '818 Patent have been and continues to be willful.

54. As alleged above, Defendants had actual knowledge of the '661 Patent and '818 Patent and its ongoing infringement since at least April 19, 2024 and June 19, 2025, respectively. Despite this knowledge, Defendants have continued their infringing activities without a good faith belief that the '661 Patent and/or '818 Patent are invalid or not infringed.

55. Defendants knew or should have known that its actions constituted an unjustifiably high risk of infringement of valid and enforceable patents. Defendants' continued infringement represents an egregious case of misconduct.

56. Because of Defendants' willful and deliberate infringement, this is an exceptional case within the meaning of 35 U.S.C. § 285, and iKeyless is entitled to an award of enhanced damages under 35 U.S.C. § 284 and an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff iKeyless respectfully prays for the following relief:

A. A judgment that Defendants have contributorily infringed and actively induced infringement of the '661 Patent and '818 Patent;

B. A judgment that Defendants' infringement has been willful;

C. A permanent injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from further acts of infringement of the '661 Patent and '818 Patent, pursuant to 35 U.S.C. § 283;

D. An award of damages adequate to compensate iKeyless for Defendants' infringement, but in no event less than a reasonable royalty, together with interest and costs, pursuant to 35 U.S.C. § 284, and that Defendants be ordered to pay, jointly and severally, such damages to iKeyless;

E.      A judgment that Defendants' infringement has been willful and an award of enhanced damages, up to three times the amount of damages found or assessed, pursuant to 35 U.S.C. § 284, and that Defendants be ordered to pay, jointly and severally, such enhanced damages to iKeyless;

F.      A judgment that this is an exceptional case and an award to iKeyless of its reasonable attorneys' fees, expenses, and costs incurred in this action, pursuant to 35 U.S.C. § 285, and that Defendants be ordered to pay, jointly and severally, such fees, expenses, and costs to iKeyless

G.      An award of prejudgment and post-judgment interest on damages awarded to iKeyless, and that Defendants be ordered to pay, jointly and severally, such prejudgment and post-judgment interest to iKeyless; and

H.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff iKeyless hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

 s/ Robert J. Theuerkauf
Robert J. Theuerkauf (Member, N.D. Ill. Bar)
Brian P. McGraw (Member, N.D. Ill. Bar)
Megan E. Gibson (*pro hac* to be filed)
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, KY  40207
(502) 677-4729
rjt@grayice.com
mgibson@grayice.com
Counsel for Plaintiff